IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MANUEL JIMMY DIAZ, <br> TDCJ-CID NO. 1160659, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. V-04-022 |
| J. RODRIGUEZ, et al., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Manuel Jimmy Diaz, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights suit under 42 U.S.C. § 1983 against the following TDCJ-CID officials: Correctional Officer J. Rodriguez, Sargent Mireles, and Captain L. Wynn. Diaz contends that the defendants violated his constitutional rights through their involvement in disciplinary actions taken against him. The court will **DISMISS** this action for the reasons stated below.

**I. Claims and Allegations**

The focus of Diaz's complaint is a disciplinary proceeding following a riot that occurred at the TDCJ-CID Stevenson Unit on or about July 6, 2003. *See* Complaint, Docket Entry No. 1, at 3, 8. He was charged with the following infractions:

(1) Rioting in violation of Rule 8 of the TDCJ-CID Disciplinary Rules;

(2) Damaging or Destroying Property in violation of Rule 18.0 of the TDCJ-CID Disciplinary Rules; and

(3) Fighting without a Weapon in violation of Rule 21.0 of the TDCJ-CID Disciplinary Rules.

Docket Entry No. 1, at 3.

On July 31, 2003, Diaz attended a disciplinary hearing in which he entered a plea of not guilty. Diaz alleges that he submitted evidence in support of his defense. Despite this, Diaz was found guilty by the disciplinary officer, Captain Wynn, who assessed the following punishments:

(1) Forfeiture of 200 days of good time credit;

(2) Recreation restriction for 45 days;

(3) Commissary restriction for 45 days; and

(4) Property restriction for 45 days.

Docket Entry No. 1, at 3.

Diaz complains that TDCJ-CID Correctional Officer J. Rodriguez filed false prison disciplinary charges against him. He further claims that J. Sargent Mireles, the correctional supervisor, failed to protect him (apparently from the events that lead to Diaz's disciplinary actions), and that Captain L. Wynn, the disciplinary captain, violated due process in failing to admit a video into evidence during the proceedings. Diaz seeks a declaratory judgment and injunctive relief, including a reversal of the disciplinary action, along with compensatory damages.

## II. Analysis

Prisoner claims that prison disciplinary charges are false generally have no legal basis, and the courts are hesitant to interfere with the prison administration's handling of its disciplinary affairs. *See Rhodes v. Chapman*, 101 S.Ct. 2392, 2400 n.14 (1981) ("[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators."); *Collins v. King*, 743 F.2d 248, 253–54 (5th Cir. 1984) (inmate's claim that he was charged with things he did not do does

not state claim of deprivation where the hearing was otherwise fair). Diaz admits that he was given a hearing and was allowed to present evidence in his behalf; he does not allege that he was denied the procedural safeguards due to a prisoner in a disciplinary proceeding. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). Moreover, Diaz cannot establish a constitutional violation regarding the temporary restrictions on his recreation, property, and cell privileges because these are not deprivations which would be considered atypical and significant in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995). The temporary loss of privileges does not implicate any due process concerns or other rights protected by the Constitution. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). *See also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

The loss of good time credits is not actionable either. If Diaz actually lost good time and his date of release was negatively impacted by the disciplinary proceeding, his civil rights complaint must be dismissed because the claim would be reviewable only in a habeas corpus proceeding. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). He must file a habeas petition if he seeks an accelerated release from prison. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (citing *Serio v. Members of La. Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987). Diaz's pleadings indicate that the loss of good time has caused his release to be delayed. *See* Docket Entry No. 1, at 8. However, he has not shown that the hearing officer's decision has been overturned. Consequently, the claim would be subject to dismissal. *Edwards*, 520 U.S. at 648. If the loss of good time does not affect Diaz's release date, the claim would be dismissible because Diaz could not demonstrate how the sanction has adversely affected him. *See Madison*, 104 F.3d at 769.

Diaz has filed an application to proceed as a pauper in this action. The application will be granted. If a prisoner files a civil rights complaint *in forma pauperis*, the complaint may be dismissed if it is frivolous  28 U.S.C. § 1915(e)(2)(B)(i). Such a complaint is frivolous if it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). This complaint is dismissed because it is frivolous.

### III. Conclusion

The court **ORDERS** the following:

1. This complaint filed by Inmate Manuel Jimmy Diaz, TDCJ-CID # 1160659, is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915(e)(2).

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from Diaz's inmate trust account and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($150.00) has been paid.

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and the United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas  75702.

**SIGNED** on this 28th day of February, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE